Thank you. Counselor Fink. Thank you. I said Leida, am I pronouncing that correctly? That's the way I say it. He's a nice guy he's never corrected me. So you have, you reserved five minutes for your rebuttal. yes, Your Honor. Okay you may proceed. Please the court, I'll start with the positive thing. The judge and I both agree that this case has to do with Form 18. As it happens, December 1, Form 18 went out the window and I wasn't among the Russian people the day before to file this case. This case was filed long before that and in fact Twombly and Igo do not frighten me. But this case meets the minimum and exceeds the minimum requirements of Form 18. The judge, in her opinion, makes some statements which unfortunately I don't agree with. The court talks about the amended complaint stating that there was a cooperation between CBS and CBS Interactive. I'm sorry, it does not say that. It never said that. It didn't imply or suggest it. In fact, the complaint discusses the process claims and the systems claims separately. And for each claim, there is an allegation of direct infringement in the case of CBS Interactive. They hire an independent contractor to do certain tests for them. That's the direct infringement. Is that joint direct infringement? I'm sorry, what? Is that joint? No, that's direct infringement because it's true, they're called independent contractors but they're not independent, okay? They're under the control of CBS Interactive. Isn't that then bringing Akamai into play because it's direction or control of an independent contractor? I mean, it's joint infringement under 271A but that is joint infringement. I mean, it's under Akamai when you start talking about direction or control. Yes, and I cite Akamai. If I'm having my house painted, I bring in an independent contractor. He doesn't paint it any color he wants. He doesn't paint the rooms in the order that he desires. He's under my control. I understand. I agree that it's under 271A but the very point that you're citing Akamai and talking about direction or control, that brings into play joint infringement. Akamai is a joint infringement case. But the holding is that if another party is under the control of the first, that's a basis for direct infringement. I agree. I agree it's direct infringement. But you have a joint infringement theory. So what I'm saying is... Your direct infringement allegation is based on a joint infringement theory relying on Akamai, right? Correct. Okay, thank you. I'm sorry. Okay, so that's with respect to CBS Interactive. Now, everybody agrees, including CBS and CBS Interactive, that CBS owns CBS Interactive. And being the overall corporation, they say to CBS Interactive, I want to run this TV program and I want you to go in and take care of everything. So again, we have this chain of control. CBS controls CBS Interactive, which controls the independent contractor. And as I say, this is not a matter of cooperation. Because again, with my painter, he doesn't cooperate with me. He wants to get paid. He does what I tell him. I'm not sure how much it came up in the court's opinion below, but I noticed that your claims have a step of providing a user input device other than a personal computer. How does your First Amendment complaint deal with that? And who is performing that step? Actually, if I may, I have a tab on that. That's a good point. It was raised during the proceedings. First of all, that's claim interpretation, which was not done. But more important, in the blue brief at page 86 at the bottom, if I may read it, it says, neither specification nor the asserted patent state the requirement that an infringer of any claim, method, or system must provide input devices to controlled entities. In fact, both specifications state for an individual who owns and uses, so the individual owns it, the person that's doing it. CBS didn't say to him, oh, here, here's a device. It's not the best wording in the world, and I wouldn't have chosen it, but the specification clarifies that the CBS or CBS Interactive, or even the independent contract, is required to say, here, here's a device, use this device. That appears in both patents. So you're saying the specification doesn't say that that's required? Right. But your claim says providing a user input device. The individual who owns or uses a single response, the identified response, such as the serial number, is automatically included in the user's response. And so I'm saying that the specification actually provides a basis for understanding that providing doesn't mean that the CBS or CBS Interactive provided it. They provided it themselves. I would have chosen that wording, but as I say, of course, we don't have claim construction in the complaint, but a claim construction would support what I'm saying. So even assuming for a minute that I agree with your claim construction, that providing a user an input device means the user provides his own input device. Correct. That's another kind of joint infringement theory to support your direct infringement under Akamai. I mean, that would be a step performed by user. Yes, yes. Who provides the identifier code? Well, that's inherent in the device. And in these modern times, it would be... If the user's providing his or her own device, then how would the identifier code be in that device? It's inherent in the device. And the purpose, for example, with a TV show of the identifier device is to prevent somebody repeatedly voting or participating and causing a problem. So with respect to the Apple Ease or CBS, do you know what that device is? Cell phone. Sending text messages. And that cell phone has the identifier code already in it? Yes, I'm sure you get text messages from people and you take a look and you say, oh, it's from George so and so. So that's the ID. There was another point, interesting point raised by the district judge, which suggests that the specific relationship between the claim and the device was not identified. And which I thought was curious because in the McNeil-McDeal case, Judge Dyke in the dissent, and this was 2007, so he anticipated that form 18 would, at that time it was form 16, would go away and discussed the better requirements according to the latest decisions by the Supreme Court. And what I find interesting is despite that he was looking for better requirements, he did not say that there should be a claim chart. But the district judge is suggesting that there be a claim chart. Because she's saying, oh, I didn't identify the relationship between the elements of the claim and what they're doing. But I did describe the whole process in two pages of how they operate. And I had separate counts relating to what's being done, to who's doing it, and how it's resulting. And so I don't see how form 18 escapes me. Actually, at the time that I was drafting the complaint and the First Amendment complaint, I was thinking Twombly and Igbo. And I was very pleased that all I had to do is satisfy form 18, which I did. One of the objections that the judge made about the complaint is that I didn't identify the product or line of products. But I described it. I don't know what the name of it is, the electronic system that they use it. But I described what it does. And I think I fulfilled my obligation there. The final point I'd like to make now is that the judge actually, before the motion to dismiss was filed, informed me that I can either further amend the complaint or give up that right. OK, and so basically, I'm troubled. But the judge didn't actually evaluate it, the situation and her decision. She decided beforehand that either I do it before or after. And the decision, the judge says I've had a repeated failure to cure deficiencies. Well, I filed a complaint and a First Amendment complaint. OK, I did it twice. But I wouldn't say that I've established repeated failures to correct the complaint. So I would say that if this court finds that perhaps I should have done a little better, but differently, I would like you to send it back and ask the judge to let me amend the complaint a second time. OK, you went over a little bit on your rebuttal time. But if necessary, I'll restore some time later. Mr. White. Good morning, Your Honors. May it please the court. There are at least three separate bases that this court could affirm the lower court decision. And some of the statements that we just heard from Appellant's counsel, I think further demonstrate the appropriateness of the district court's decision in this section. First, as you all discussed with him briefly, the plaintiff's complaint fails because the plaintiff has pleaded facts that not only establish that he has no cause of action, but it shows that there's actually no infringement claim to be made here and no plausible basis to go forward with the complaint in this context. As you noted, each claim that's been asserted in this case recites the language of providing- Just a basic question. You're experienced counsel and all. Reading the complaint, in the First Amendment complaint, that does not notify you what the allegations are, what the claims are, how you should start preparing for your answer and to defend yourself? The answer to your question is no, Your Honor. I think there's too many open-ended issues in that complaint, including the First Amendment complaint. And I'll touch on a number of them. I think a good starting point is this issue of providing a user input device, which is present in every single claim that's been asserted. As the plaintiff's counsel said, his theory is that individual users provide their own devices. He said, I think I heard him say, CBS certainly does not provide user input devices. Because it's a requirement of every single claim here, not only does that feeding of these facts and those arguments we just heard not provide a plausible claim for relief, it actually shows there can be no infringement here. There's been no allegation whatsoever that CBS in any way controls or directs these individuals that are, under his theory, providing their own user input devices. So just on this one basis alone, where you've got a complaint... Why didn't that require a claim construction about when it referenced user input devices, it meant provided by the company or the infringer rather than individuals working for the infringer using their own devices? Yeah, I think there's a couple of reasons why. First, I think the claim language is plain on its face. It says providing the user input device. And that has to be done by the accused infringer. The only accused infringers here are CBS entities. So it directly requires that the CBS entities provide those user input devices. I think additional support from that can be found if you look at other parts of the claim language. Well, so let me ask that. It seems to me that he's alleging that CBS or its entities or the third party controlled contractor actually did provide those devices. And I don't believe that's been alleged anywhere. I think the only theory you heard when we specifically asked him who provides them, he said the users provide them themselves. If you look at the complaint, there's no allegation anywhere. I was going to ask you, does the complaint say that? It does not. So if you look, there's not anywhere in the complaint that says either CBS provides user input device or even that the independent contractor provides the user input device. There's no allegation anywhere of anybody providing the user input device. And I think we heard for the first time today the theory that the users provide their own devices. But again, that's not any of the named defendants taking any action. Is it your position that that would have had to have been in the First Amendment complaint as well as something showing direction or control? On the latter part, yes. I think, and again, this was the first time we heard today that he's confirmed that it's a theory of joint infringement. I think you had the dialogue with him, Judge Stoll. Before, to us, if you look at the complaint, it's not clear. And I think even in some of the arguments in the briefing, it wasn't clear to us whether he was acknowledging it was a joint infringement allegation or a direct infringement allegation. We heard today, I think it's clearly acknowledged to be a joint infringement allegation. Is it just to be clear, joint infringement is a direct infringement allegation? Absolutely. Absolutely. When you said or, I got confused. Yeah, and I should just better- Well, he does allege that CBS is working in concert with the third party, correct? There is a conclusory allegation. Again, so getting back to your original question, I'll kind of address these two together here. So because there's multiple parties involved, there have to be allegations of direction or control. Here, we have just the conclusion of control. That's it. And we know that a simple conclusion that there is control is not sufficient. You don't have to even assume that it's being correct. Yeah, but I mean, it's a little more than that is. And it's an allegation that a third party contractor was hired to do testing. I mean, when you hire somebody, doesn't that implicitly assume you have control over them? I don't think so. And I think the simple fact that they're called an independent contractor is sort of the antithesis of somebody directing or controlling. And I think a little bit of background here might be helpful is the original complaint did not identify this third party contractor. We wrote the plaintiff after the original complaint was filed to identify deficiencies in the complaint and explain to him a number of the problems. And we were the ones that told him that there's an independent third party that does the testing for us, that we're not even responsible for the testing, if that's your theory. He not only, I guess, adopted that, but embraced that and put it in the amended complaint. But in no way did he provide facts or any support for this direction of control. There's no allegation that how they were hired or what they were hired to do or anything. Or if they were given specific directions on how to do the testing. Exactly. I mean, I see both your sides' points on independent contractor. If I hire a painter, I'm sure going to tell him kind of specifically what colors and things I like. But I might not tell him down to the details, cover up these nail holes, cover up the floor, all that. Or if I hire a housekeeper, for instance, and if I am worried about the IRS tax rules on housekeepers, I may treat her as an independent contractor by letting her decide how, when, and the like to do her job within the contours of she cleans my house every two weeks. And I follow on that point. But also remember here that there's another third layer of abstraction that we have here where there's these other, quote, people. So the people are the ones that are actually performing parts of these steps. And those people... Are you talking about the users for the providing? I think that's what we've heard now. The complaint says people, other people. It doesn't say who they are. Now I think I'll call them the users because that's what we heard today. You've got that third layer of abstraction that those people are not in any way tied back to the CBS entities, which are the name defendants here. So I guess if you follow that theory, you have to allege direction or control not only of CBS over this independent contractor, but there'd have to be some sort of allegation of direction or control over these other users. And that is completely absent. That link from... Wasn't he just talking about the contractor's employees? Well, again, I don't know. There's no allegation in the complaint that it says that. All it says... I mean, it does seem to me that he's not arguing for contributory or induced infringement. So I don't think his complaint reaches the general audience. Well, we don't know that. So there's actually a distinction. If you look between the complaint paragraphs, there's the first four counts, I'll call them, are against CBS. The second four counts are against CBS Interactive. The first four summary paragraphs, which are 18, 25, 32, and 39 for the CBS claims, talk about testing. And that seems to suggest you're talking about people somehow affiliated with the independent contractor. But if you compare that to paragraphs 48, 55, 62, and 69, which are the allegations, the summary concluding allegations for CBS Interactive, those make no reference to testing. So again, it's just another issue that we have is we don't even know what the theory of infringement is. Is it testing alone? Does it reach the independent people who are watching TV from their house and using their own phones to vote? We don't know. And that's one of the problems we have with this complaint. Yeah, but I answered your question then that was the direction of control. I think you would have to get, you have to have some sort of allegation because it is a joint infringement claim. You have to have that linkage from the named defendants to everybody that's involved in performing the steps, which would require that there be some allegation of direction of control supported by facts. And it's completely absent for both the independent contractor and the individuals. And also for the individual, it's not even mentioned that you're talking about the user using their own cell phone. So the third party that's controlled isn't even identified. Correct. Exactly. Identified or explained how they're linked to CBS or somehow under the direction of control of CBS. So I've touched on the first two arguments I wanted to make is one, this issue of the complaint. And I wanted to go back to another question you had, Judge Hughes, about claim construction. We talked about how I think the language is clear on its face that it requires that the named defendants provide the user input devices. But if you look at other language in the claims, there's indications of at least the thought of having somebody other than the named defendant perform a step. There's several steps that start out having somebody do something. So if you look through the claims in both of the patents, there's steps that start out having a user input information, having a user transmit information. I think that clearly shows that if the complaint or the drafter, the patentee was contemplating having somebody else other than the named defendant do something, they could have specified that and that would have been a way to do it. But to juxtapose the two different claim languages in the claims, I think it makes crystal clear that you don't need claim interpretation to find that it's the named defendants that have to provide the user input devices. A third point I think that I'd like to touch on briefly is this idea of identifying the systems. Now, we agree that in the old Form 18 world, there was precedent that said you don't have to identify the system by name or serial number. But you do have to at least provide some information as to the systems and processes that are involved here. And we think the district court got it right when she found that the allegations here, which are very high level in summary in nature that use words like electrical systems and computer processing systems, that that level of detail is not sufficient to provide notice as to what's actually accused in this. Well, this is where I'm troubled a little bit because I'm not sure how they would find that information because it's probably proprietary to you all without some kind of discovery. They've described in general, this is their path. They've described as best as they can through public knowledge. Here's a voting system done for this Big Brother television show. They've tried to identify all the actors. Doesn't that sufficiently describe the system that they think is infringing? And the short answer is no. And we think the district court got it right. And let me explain why. One issue we have here is timing. You know, what time frame are we talking about? CBS has used different contractors over time. And so even in the range of six years that we're talking about here, we actually have used multiple independent contractors. Why don't we just construe it as everybody that's been using systems for this show? Well, again, there, I think we've got case law on our side that says allegations very similar. There was two cases that we cited, prison technologies and the Ware versus Circuit City. And there you dealt with allegations that had the same similar high level description of a system that was found not to be sufficient. We, I think it's fair to say. How would they find out the information you're demanding of them if this was all kept secret? Sure. And I don't, and I think that there are things, I mean, they could vote using the system. Go through an example and say, listen, we tested out the system. We tried out the system. The public can use the system. It's available to the public. At least some of the steps they could explain, you know, it's industry, it's common in the industry to use certain types of components. We tried the system. Here's what we could discern from the outside. They could provide, I mean. But that's not going to, I mean, you were arguing that you've used different contractors and different testing companies. When they go through and vote, that's not going to identify which contractor, which testing company you're using, is it? No, it wouldn't. It's going to identify exactly what they told you in their complaint, which is there is the show, audience members vote, votes are tallied and the like. But they could have gone through and said, you know, we tested the system on such and such a date. And here's our experience. Requested to provide this information. We went ahead and did it. We accessed a certain device. Here was how we transmitted the information. Here was the information we got back. Here was the voting compilation that we saw on a website or something. They could have done at least a minimum level of a pre-filing investigation, laid out those processes. Honestly, that seems all entirely appropriate under an ICBAL standard.  The ability to do a very loose high-level payday. Yeah, and I would have to disagree with you on at least whether Form 18 applies here. So let's assume it does. Well, so two things here. So if we're assuming we're back in the time when Form 18 applies, so we'll assume that. So we're in the proper time frame. Rule hasn't been abrogated yet. Form 18 still does not apply because of the concession we heard today that it's a joint infringement allegation. So you have to at least specify who's doing the infringing of the different parts of the system. Absolutely. Just describing the system overall as a whole is not enough. Exactly. Who was involved? How were they involved? Because there's case law, at least at the district court level, and I would suggest at the federal circuit level and in Ray Bill of Lading that it says Form 18 was limited to a single-party actor direct infringement claim. When we're in the realm of multi-party direct infringement claims, Form 18 no longer applies. It doesn't matter what time we're in. We could go back 20 years from now when Form 18 was in full effect. It does not apply to a multi-actor direct infringement case. So regardless of what time we're talking about, he cannot claim the benefit of Form 18. And so in that world, under Twombly, Iqbal, Rule 8, I mean Rule 8's whole premise is really twofold, right? They have to have a plausible claim for relief. We've already talked about how they don't based on at least the providing step and others. And they have to give us proper notice of their claim. And we've talked about several reasons why the allegations do not meet that standard. So I take issue with your question before about that the complaint is sufficient under Form 18. It's not because Form 18 does not apply based on the allegations that we now have acknowledgement that they're relying upon here. So unless you have any additional questions, I'm at the end of my time. Okay. We thank you very much for your arguments. Great. Thank you, Your Honors. Mr. Fink, you have right around two minutes, and we'll refer you to three, okay? Give me three minutes. First of all, the issue about the providing the device, I didn't just invent it. It was in my opposition brief before the district court. So this is not the first time it's been heard by anybody. Second of all, as we all know, the allegations made in the complaint should be assumed to be correct, and then you later decide, as the case proceeds, whether or not they are correct and they make sense. But on the face of it, they're supposed to be accepted, as I understand it. Counselor, what's your response to your opponent's argument that Form 18 is limited to single actor? And today, your concession that you're dealing with a multiple actor situation, would that take you out of your Form 18 argument? Your Honor, he invented that. There is no case that says that. The cases which endeavored to make Form 18 more specific said, it's for direct infringement, not joint, multiple, whatever. It's for direct infringement. I have pleaded in the complaint, in the first amended complaint, for direct infringement. It doesn't matter. But even if that's the case, when you have, because you are accusing multiple parties here of direct infringement, don't you at least have to lay out which party infringed which part of the patent and which party infringed the other part of the patent? Well, otherwise, how would they have noticed what their actual infringing conduct is? I thought I did. I described the system. I said, for example, CBS Interactive hires, controls an independent contractor. So, under ICAI... What about with respect to the user providing his or her own cell phone? I just see that. What about with respect to the user providing his or her own cell phone? That was not set forth in the first amended complaint. Because we don't know. That's something that we would not be privy to. But the critical thing is that CBS Interactive, for example, hires an independent contractor to do certain measurements. Whether the independent contractor says, here, use my cell phone or use your own cell phone, we don't know. And it doesn't matter. Because CBS is controlling the actual testing. And that's clear from the original complaint and the first amended complaint. CBS Interactive is saying, okay, you gave us a good price. All right, go. Here's the job that you have to do. So, they are not, to my knowledge, participating. The work is being done by the independent contractor. The independent contractor hires people or has regular employed people. Well, how do we know how much control do they have over this testing process? Well, it... Couldn't it just be they hire an independent contractor and say, here's how we want to run our program. You go out and do whatever you want to assure that this is going to work. Well, Your Honor, this is a major TV program. It's live. The testing has to be of a nature to establish that it's a reliable system. Oh, I understand that. But isn't this the issue? If you hire them and say, go do testing, is that really sufficient direction and control? I don't think they say that. Or do you have... Well, yeah, I know, but you didn't make any of these allegations. Do you have to hire them and say, here are detailed testing protocols. We want to find out X, Y, Z, run tests to all to do that according to these specifications? You're right. I don't know what those are. But I do know that those tests have to assure them that when they go on the air and they get live phone calls, that it's going to work. And I don't know how they're doing it. But it seems to me, I used to be a little bit of an engineer. They have to test it like a live situation. It's logical. Okay. Because they have to establish that when somebody calls, so it's not as if they're measuring just a voltage here and a voltage there. They have to have people call up and simulate the active system. I'm over time. You are. All right. We thank you very much for the argument. Thank you.